**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DAVID WILLIAM LINDER,

                           Plaintiff,

          - v -                              Civ. No. 1:16-CV-962
                                                   (GLS/DJS)
NEW YORK STATE POLICE,
_Records Custodian_,

                           Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

DAVID WILLIAM LINDER
Plaintiff, _Pro Se_
25913-048
Pekin Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Pekin, IL 61555

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

     The Clerk has sent for review a civil Complaint filed by _pro se_ Plaintiff David William Linder. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed _In Forma Pauperis_ ("IFP"). Dkt. No. 8, IFP App. By separate Order, dated September 28, 2016, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court will _sua sponte_ review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte*, review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court

should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 & 679 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Other pleading guidelines are found in the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or

different types of relief.
FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Allegations Contained in Plaintiff's Complaint

At the outset, the Court notes that Plaintiff's Complaint fails to satisfy the basic pleading requirements of Federal Rules of Civil Procedure 8 and 10, making it rather challenging to assess whether or not he has stated a viable claim for relief. From a purely form perspective, his complaint is devoid of separate enumerated paragraphs, as required by the aforementioned Federal Rules, but more troubling is the failure to enunciate in any clear manner the underlying facts of his claim for relief. Instead, his Complaint contains incomplete sentences and bulleted lists. In this format, it would be far too great of a burden for a defendant to respond.

In terms of the substance, much of the Complaint centers around a truncated re-telling of a criminal matter, which perhaps serves the basis for his current incarceration. From what I can surmise, the criminal matter, which may have been pursued as a result of a death that occurred on April 14, 2002, was prosecuted in Virginia. According to the Complaint, as best as the Court can decipher, at some point, the New York State Police investigated that death, which was determined to be caused by malignant hyperthermia. It seems that part of this investigation included parcels that may have been sent by Plaintiff, or from his unidentified "corporation", though it is not clear what was in the packages, what Plaintiff's corporation entailed, and whom the package was directed to. It seems that packages are alleged to have been intercepted, perhaps by the United States Postal Service in conjunction with some investigation, at a post office located in Hancock, New York.

The Complaint then divulges into a list of certain "now-discredited assertions" ranging in time from 2005 through 2008, the relevance of which is entirely unclear.[1] Apparently, by this

---

[1] Though unclear, it seems that Plaintiff, or some other person or entity, may or may not have obtained evidence through "FOIA", which upon information and belief could be a reference to the Freedom of Information Act, 5 U.S.C. § 552.

action, Plaintiff seeks access to certain evidence, which was either used against him at some criminal trial or was later discovered, which may or may not exonerate him. It seems that the New York State Police may be the custodian of this evidence, but it is not clear. Nor is it clear where he was prosecuted and what was he convicted of. Nevertheless, Plaintiff insists that he is constitutionally entitled to such evidence and that he has been rebuffed in his attempts to access various evidence.[2]

As noted above, in light of the deficient format of Plaintiff's Complaint, it is impossible for this Court to assess whether a valid claim has been asserted. In attempting to liberally construe the facts set forth in the Complaint, the Court is similarly constrained in assessing the viability of this action as there are many questions regarding the allegations of facts, the most basic of which is whether this action is properly brought under 42 U.S.C. § 1983, whereby following a State court conviction, the individual is seeking access to evidence in accordance with the Fourteenth Amendment Due Process Clause, or some other federal remedy that would provide for post-conviction access to evidence for federal convictions. In its current form, the Complaint is not acceptable and should be dismissed. However, in light of his *pro se* status, prior to outright dismissal, it is my recommendation that the Plaintiff be given an opportunity to amend his complaint in order to comply with the basic pleading requirements set forth above.

---

[2] The Court notes it is not clear what evidence he is specifically seeking, from whom, and what he intends to do with it. Plaintiff correctly notes that the Supreme Court has recognized that a civil claimant may have a liberty interest in obtaining access to evidence, but such post-conviction liberty interest turns on whether the state court provides adequate remedies by which such access to evidence can be accomplished. *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009). In that case, however, the prisoner, who was serving a state sentence, was seeking access to DNA so that he could have it tested. Ultimately, the Supreme Court held that Alaska's post-conviction remedies provided constitutionally adequate procedures by which Osborne could obtain access to evidence and therefore no liberty interest arose.

### III. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that Plaintiff's Complaint be dismissed, pursuant to 28 U.S.C. § 1915 and § 1915A for failure to state a claim, however, in light of his *pro se* status, it is further

**RECOMMENDED**, that prior to dismissing Plaintiff's Complaint in its entirety, Plaintiff be provided an opportunity to amend his Complaint to correct the format and expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  September 28, 2016
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge