**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID WILLIAM LINDER,

                                        Plaintiff,

            - v -                                        Civ. No. 1:16-CV-0962
                                                                (GLS/DJS)

NEW YORK STATE POLICE,

                                        Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

DAVID WILLIAM LINDER
Plaintiff, *Pro Se*
25913-048
Pekin Federal Correctional Facility
Inmate Mail/Parcels
P.O. Box 5000
Pekin, IL 61555

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

        *Pro se* Plaintiff David William Linder, who is currently incarcerated at the Pekin Federal

Correctional Facility in Illinois, has been granted leave to proceed in this action *in forma pauperis*.

Dkt. No. 9.  After conducting a *sua sponte* review in accordance with 28 U.S.C. §§ 1915(e) and

1915A, this Court recommended that Plaintiff's Complaint be dismissed for failure to state a claim,

but that Plaintiff first be permitted leave to amend.  Dkt. No. 10.  The Honorable Gary L. Sharpe,

Senior United States District Judge, adopted the Court's recommendation.  Dkt. No. 12.  Plaintiff

has filed an Amended Complaint, which this Court now *sua sponte* reviews.  Dkt. No. 11, Am.

Compl.

# I. DISCUSSION

## A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action *in forma pauperis*.

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## B. Plaintiff's Amended Complaint

In its review of Plaintiff's original Complaint, the Court found that Plaintiff failed to staisfy the basic pleading requirements of Federal Rules of Civil Procedure 8 and 10, and therefore was unable to assess whether Plaintiff had stated a valid claim. Dkt. No. 10 at pp. 5-6. The Court noted that Plaintiff appeared to seek access to evidence that may be in the custody of the Defendant New York State of Police. *Id.* at p. 6. It was unclear where Plaintiff had been prosecuted, what he had been convicted of, and whether he claimed that the evidence he sought access to would exonerate him. *Id.* While the Amended Complaint expands on Plaintiff's factual allegations, the relief he is seeking and the constitutional claims he is raising remain confusing. Mindful of the Second Circuit's directive to liberally construe *pro se* filings, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will use its best efforts to discern Plaintiff's claims.

Plaintiff's claims arise from his 2005 conviction before a jury in the Eastern District of Virginia. As summarized in *United States v. Linder*, 200 F. App'x 186 (4th Cir. 2006),

> [a] jury convicted David W. Linder of all twenty-seven counts of the indictment against him. The convictions included one count of conspiracy to distribute for human consumption 5-MeO-DiPT (commonly called "Foxy"), and other similar controlled substance analogues as defined in 21 U.S.C. § 802(32); eighteen counts of distribution of the illicit substances; five counts of intentionally using a communication facility to facilitate the commission of a drug crime; one count of conspiracy to launder money; one count of money laundering; and one count of engaging in monetary transactions involving criminally derived property. With respect to the drug conspiracy count, the jury also found that a death resulted from the drugs that Linder distributed or caused to be distributed for human consumption.

> The district court sentenced Linder to a life sentence on the drug conspiracy count; 240 months' imprisonment on each of the eighteen distribution counts and the two money laundering counts; 48 months' imprisonment on the five illegal use of a communications facility counts; and 120 months' imprisonment on the one count of engaging in monetary transactions involving criminally derived property. All of these sentences were imposed to be served concurrently.

*United States v. Linder*, 200 F. App'x 186, 187 (4th Cir. 2006).

Plaintiff has since filed numerous actions seeking relief relating to his criminal trial, including several in this District. *See Linder v. New York State Police*, Civ. No. 3:06-CV-0954 (TJM/DEP) (Complaint filed Aug. 7, 2006); *Linder v. New York State Police*, Civ. No. 9:07-CV-0056 (TJM/GHL) (Complaint filed Jan. 16, 2007); *Linder v. New York State Police, et al.*, Civ. No. 1:07-CV-0371 (LEK/RFT) (Complaint filed Apr. 6, 2007); *Linder v. Lester, et al.*, Civ. No. 3:07-CV-1076 (Complaint filed Oct. 9, 2007). Each action Plaintiff has filed in this District has been dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.

Plaintiff brings his current action against Defendant New York State Police based on its investigation of the April 14, 2002 drug death of Phillip Conklin. Compl. at pp. 2-3. Plaintiff was convicted of distributing the drugs that caused Conklin's death, a conviction he claims was "false."

*Id.* at pp. 3-4. The basis of his claims against the Defendant is that the "vast majority of the evidence" that supported his conviction for Conklin's death was gathered during the Defendant's investigation and is held by the Defendant as custodian. *Id.* at pp. 3 & 10. The evidence Plaintiff discusses includes records pertaining to the drug transactions that Plaintiff allegedly made with Conklin; blood tests performed by National Medical Services ("NMS") on Conklin's blood that were positive for "cannabis and amphetamine"; and a "chemical analysis of the seized substance Conklin ingested." *Id.* at pp. 4-5 & 11. Plaintiff also alleges that two New York State Police officers, Lori Hochdanner and Steven Andersen, testified at his trial.[1] *Id.* at p. 8.

Plaintiff states that he is a "seeking no compensation, only access to evidence." *Id.* at p. 3. He states that "[v]arious FOIL requests over (10) years meets [sic] with undue delay, then denial or silence." *Id.* at p. 2. Plaintiff appears to believe that evidence he has independently obtained from NMS "casts doubt on the reliability" of the evidence introduced in his federal criminal trial. *Id.* at p. 6. He is therefore seeking the "[o]riginal source material" held by the Defendant. *Id.*

Before considering possible legal theories which might support Plaintiff's access to evidence, the Court notes that it is unclear what evidence Plaintiff is actually seeking. Plaintiff asserts that the Defendant holds "critical original data" relevant to the alleged drug transactions he made with Conklin; however, Plaintiff does not indicate what evidence he is seeking in this regard. *See id.* at p. 5. Elsewhere, Plaintiff states that "missing evidence" he is seeking is "the chemical analysis of the seized substance Conklin ingested." *Id.* at p. 11. At the same time, throughout the Amended Complaint, Plaintiff suggests that he already possesses such an analysis. *See id.* at p. 5 (stating that Plaintiff is seeking "acknowledg[ment]" that all of Conklin's blood has been used for

---

[1] Plaintiff does not appear to intend to name Hochdanner or Andersen as defendants.

testing).  On this basis alone, Plaintiff's request for evidence is likely too vague and contradictory to be allowed to proceed.

Nonetheless, Plaintiff also fails to state a constitutional claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action "for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)).  Plaintiff's claim sounds under the Due Process Clause of the Fourteenth Amendment, which provides that "[n]o State shall . . . deprive any person of life, liberty or property, without due process of law."  U.S. CONST. amend. XIV § 1.

The Supreme Court's decisions in *Skinner v. Switzer*, 562 U.S. 521 (2011) and *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 72-73 (2009) both address a prisoner's substantive and procedural due process rights to access evidence for post-conviction DNA testing.  Although Plaintiff does not seek access to evidence for DNA testing, *Skinner* and *Osborne* outline the law applicable to his claim.  *See, e.g.*, *Mallet v. Johnson*, 2011 WL 2652570, at *4 (S.D.N.Y. July 7, 2011) (discussing framework of *Skinner* and *Osborne* in context of prisoner's post-conviction due process claim seeking fingerprint and ballistic evidence).  *Skinner* and *Osborne* contain three holdings relevant to the present case.  First, the Supreme Court has reasoned that a claim for access to DNA evidence is properly brought under § 1983, and is not barred by *Heck v. Humphrey*,[2] because such a claim does not "necessarily imply" the invalidity of a conviction.

---

[2] In *Heck v. Humprey*, 512 U.S. 477, 486-87 (1994) the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

*Skinner v. Switzer*, 562 U.S. at 534. Second, the *Osborne* Court held that "there is no freestanding substantive due process right to post-conviction DNA evidence." *McCollough v. Hale*, 2015 WL 7281643, at *3 (E.D.N.Y. Nov. 17, 2015) (citing *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. at 72-73). For the same reason, courts in this Circuit have held that there is no substantive due process right "to documents in the government's possession that could be germane to the question of . . . guilt or innocence." *McLean v. Brown*, 2010 WL 2609341, at *6 (E.D.N.Y. June 25, 2010).

Third, a prisoner may "have a liberty interest in demonstrating his innocence with new evidence under state law." *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. at 68. However, "[a] prisoner's post-conviction due process right to evidence is limited" and "extends only to the proper application of a state-created right to such evidence." *McLean v. Brown*, 2010 WL 2609341, at *7. A plaintiff can prevail on a due process claim to access evidence "only if the state's procedures are 'fundamentally inadequate to vindicate the substantive rights provided.'" *Id.* (quoting *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. at 69). "[T]he question is whether consideration of [the] claim within the framework of the State's procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. at 69 (quoting *Medina v. California*, 505 U.S. 437, 446 (1992)).

"New York's Freedom of Information Law ("FOIL") provides the only state-created right to documentary evidence for a New York prisoner." *McLean v. Brown*, 2010 WL 2609341, at *7 (citing N.Y. PUB. OFF. LAW §§ 84, *et seq.*). Plaintiff does not allege that FOIL's procedures are

fundamentally inadequate. FOIL "includes an appeals process for requests that are denied . . . [and] [a]fter exhausting these administrative remedies, a prisoner may also request judicial review in the New York State courts" through an Article 78 proceeding. *McCollough v. Hale*, 2015 WL 7281643, at *4. Several district courts have held that these procedures are "an adequate means of protecting the prisoner's interests" in the context of similar claims. *McLean v. Brown*, 2010 WL 2609341, at *7; *see also McCollough v. Hale*, 2015 WL 7281643, at *4 (citing *McLean* for proposition that FOIL's procedures are not fundamentally inadequate); *Mallet v. Johnson*, 2011 WL 2652570, at *4 (same). The Court finds no basis to disagree with those decisions.

Furthermore, to the extent Plaintiff seeks physical evidence that is exempt under FOIL, he does not show that he has a "state-created right to this evidence." *Mallet v. Johnson*, 2011 WL 2652570, at *5. Plaintiff therefore cannot state a constitutional claim based on the denial of access to such evidence. "Section 1983 provides a remedy for specified unconstitutional conduct; it should not be used as a general discovery tool in aid of state law proceedings." *McLean v. Brown*, 2010 WL 2609341, at *7.

Accordingly, the Court recommends that Plaintiff's due process claim seeking access to evidence be **dismissed**, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, for failure to state a claim upon which relief may be granted.

In addition to Plaintiff's due process request for evidence, the Amended Complaint also generally alleges that by providing evidence that was used in his prosecution, the Defendant was complicit in the violation of his constitutional rights. Am. Compl. at p. 9. Plaintiff accuses the Defendant of either withholding exculpatory evidence under *Brady v. Maryland*, 371 U.S. 812 (1962) or presenting false or misleading evidence. In conclusory terms, Plaintiff invokes substantive

due process standards, claiming that Defendant's conduct in assisting in his prosecution was "conscious-shocking," as well as asserting that Defendant denied him access to the courts. To the extent that Plaintiff is attempting to state a cause of action under any of these theories, his conclusory and vague allegations fail to state claim. Moreover, if Plaintiff did successfully state a claim that the Defendant offered false or misleading evidence at his trial, such a claim would call into question the validity of his conviction and would be barred under *Heck*.

Based on the foregoing, the Court therefore recommends that this action be **dismissed** under 28 U.S.C. §§ 1915(e) and 1915A.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that this action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e) and 1915A; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   April 10, 2017
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge